(No. 26374.—

The People of the State of Illinois, Defendant in Error, *vs.* George Moran *et al.* Plaintiffs in Error.

*Opinion filed Nov. 24, 1941—Rehearing denied January 15, 1942.*

462

Wm. Scott Stewart, for plaintiffs in error.

Hill & Vandever, and John H. Rogers, for plaintiff in error Frank Parker on rehearing.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, (Edward E. Wilson, John T. Gallagher, and Melvin S. Rembe, of counsel,) for the People.

Mr. Justice Smith delivered the opinion of the court:

Plaintiffs in error, George Moran and Frank Parker, were convicted on a trial before a jury in the criminal court of Cook county, of the crime of conspiracy. They were each sentenced to confinement in the county jail for the term of one year and to pay a fine of $2000. That judgment has been affirmed by the Appellate Court for the First District. By this writ of error they seek to reverse the judgment of the Appellate Court.

Plaintiffs in error, with eight other defendants, were jointly charged by two counts of the indictment with conspiracy to forge and counterfeit traveler's checks purporting to be made and issued by the American Express Company, with the intent to damage and defraud any and all persons who could be induced to accept said checks as genuine. By two other counts in the indictment they were charged with unlawfully conspiring to falsely utter, publish and pass as true and genuine, said forged and counterfeited checks with like intent. The trial extended over a period of several days. The evidence covers more than 1150 pages in the record.

The Appellate Court, in its opinion, set out the facts fully and in detail. The statement of facts in that opinion alone covers approximately 23 pages of the published opinion. That opinion is published in full. (310 Ill. App. 307.) To set out the facts here in detail would not only unduly extend this opinion, but would serve no useful purpose. For the purposes of this opinion we refer to the opinion of the Appellate Court where all the material facts will be found, accurately and carefully recited.

It is contended in this court that the verdict rests entirely upon the uncorroborated testimony of accomplices. It is further contended that the trial court erred in its rulings and unduly limited and restricted plaintiffs in error in the cross-examination of some of the witnesses for the People. Two of the defendants were not apprehended. Three others, Hanson, Bruno and Ahrens pleaded guilty and testified for the People. They were each sentenced to serve one day in the county jail. Three other defendants, Hicketts, Keller and Sexton were found not guilty by the jury. The principal witness for the prosecution against plaintiff in error Parker, was one Van Bever. As to plaintiff in error Moran, the People's case depends chiefly on the testimony of Van Bever and Hanson, Bruno and Ahrens, the three defendants who pleaded guilty. Van Bever was employed by the American Express Company to assist in ferreting out the crime and obtaining evidence against the guilty parties. He had been disbarred from the practice of law in the State of California. After his disbarment there he returned to Chicago where, according to his testimony, he has since been engaged in the practice of law. He has never been disbarred in Illinois. Through his acquaintance with plaintiff in error Parker, he became familiar with the activities which led to the indictment in this case. Shortly after he received information from plaintiff in error Parker, relative to the plan to forge and counterfeit traveler's checks in the name of the

American Express Company, he reported to a policeman by the name of Paradowski. He also communicated with the officers of the American Express Company. He was shortly thereafter employed by that company for the purpose of running down and obtaining evidence to be used against the conspirators. It is admitted that a conspiracy as between Hanson, Bruno and Ahrens was established by the evidence.

Plaintiffs in error argue that there is no evidence in the record to corroborate Van Bever, Hanson, Bruno and Ahrens, as to their guilt. They further argue that since these witnesses were accomplices, their testimony could not be used to corroborate each other. It is then contended that Moran and Parker should have been found not guilty because the evidence of the above witnesses was not corroborated. The argument in this connection is based upon a statement in the brief that Moran and Parker had been acquitted by another jury of some greater offense, intimated to be the charge of forging and counterfeiting the traveler's checks referred to in the indictment in this case. This extraneous statement is entirely outside the record and obviously cannot be considered by this court whatever the fact may be. It is then speciously argued, from this false premise, that the conclusion necessarily follows that the jury evidently did not believe Van Bever, but gave plaintiffs in error a short sentence on general principles. Whatever plaintiffs in error hope to gain by this argument, not based on anything in the record, it is certainly of no assistance to this court. The fair inference is, however, that they intend to state that plaintiffs in error were acquitted by the jury in that case of the offense of forging and counterfeiting traveler's checks and that such charge was contained in the indictment in this case; that the jury found the defendants guilty of the minor offense of conspiracy to utter and publish and pass traveler's checks; that this proves conclusively the jury did not believe the evidence

offered by the People and found plaintiffs in error guilty of a lessor offense and imposed a light sentence because of doubt as to their guilt. This argument could not be given any weight even if the facts assumed were true. However, the record does not justify either the statements or the inferences. The indictment contained four counts. Briefly, the first and second counts charged that the defendants conspired to unlawfully and falsely, make, forge and counterfeit, traveler's checks. Counts 3 and 4 charged them with conspiracy to falsely utter, publish and pass, as true and genuine, the forged and counterfeit traveler's checks. It will be seen that in every count of the indictment plaintiffs in error were charged with conspiracy, of which crime they were found guilty by the jury. The statute provided the same punishment for the charge in each count of the indictment.

A further difficulty with the argument for plaintiffs in error on this branch of the case is that they improperly assume that Van Bever was an accomplice and that his testimony could not, for that reason, be accepted or considered by the jury. As a matter of fact Van Bever was not an accomplice. (*People* v. *Hrdlicka,* 344 Ill. 211; *People* v. *Dalton,* 355 id. 312.) The mere fact that he led the conspirators to believe that he was joining with them in the commission of the offense when, as a matter of fact, he was doing it only for the purpose of obtaining evidence against them, did not make him an accomplice. Moreover, it is not the law, as contended by plaintiffs in error, that a conviction cannot be sustained on the testimony of accomplices alone. While the testimony of an accomplice must, as a matter of law, be received with suspicion and acted upon with great caution, nevertheless it is competent evidence and a conviction may be based on such testimony, uncorroborated, if it is of such a character as to convince the jury, beyond a reasonable doubt, of the guilt of the accused. (*People* v. *Buskievich,* 330 Ill. 532; *People* v.

*Birger,* 329 id. 352; *People* v. *Looney,* 324 id. 375; *People* v. *Maggio,* id. 516.) This case, however, does not depend entirely upon the testimony of Van Bever or of the three defendants who had pleaded guilty. We agree with the finding of the Appellate Court that there was much other corroborating evidence and circumstances in the case, tending to establish the guilt of plaintiffs in error.

It is the province of the jury to weigh the evidence and to determine the facts. This court will not disturb a verdict of guilty or reverse a judgment of conviction on the ground that the evidence is insufficient to convict, unless the verdict is palpably contrary to the weight of the evidence or the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of the defendant's guilt. (*People* v. *Buskievich, supra; People* v. *Holton,* 326 Ill. 481; *People* v. *Nusbaum,* 326 id. 518; *People* v. *Hicketts,* 324 id. 170; *People* v. *Thompson,* 321 id. 594.) The jury passed on the facts in this case adverse to the contentions of plaintiffs in error. The trial court denied a new trial and entered judgment on the verdict. That judgment has been affirmed by the Appellate Court upon an exhaustive examination of the testimony in the case. We would not be justified in setting aside the verdict and judgment upon the facts.

Plaintiffs in error contend that they were unduly prejudiced by some of the answers given and statements made by Van Bever while on the witness stand. It is true that some of the statements made by this witness were improper. These improper statements, however, were not made in response to questions asked him by the assistant State's attorney. Such answers and statements were, in each instance, promptly stricken by the court. The record does not justify the claim that there was any improper conduct on the part of the assistant State's attorney in the examination of this witness. Such statements as were improper were voluntary statements made by him and not in response to any ques-

tions asked. Most of them were brought out by argumentive questions propounded to him by counsel for the defendants. From a careful examination of the record in this respect we are satisfied the defendants were not prejudiced by these improper statements. In each instance, when such statements were objected to, the court promptly and properly sustained the objections and struck out the statements.

The next objection urged by plaintiffs in error is that they were unduly limited by the court in the cross-examination of witnesses. The most serious complaint is made as to the rulings of the court on the cross-examination of Van Bever. The cross-examination of Van Bever by the attorney appearing in this court for plaintiffs in error, who appeared in the trial court for the defendants Sexton and Hicketts, covers 37 printed pages of the abstract. The cross-examination of the same witness by counsel appearing for plaintiff in error Parker, covers more than 13 printed pages of the abstract.

Counsel in this court has set out in detail in his brief the cross-examination of the witnesses Van Bever and Hanson, which he claims was unduly limited and restricted by the trial court. A careful examination of questions propounded to which objections were sustained, discloses that in every instance the question asked was immaterial and was more in the form of an argument between counsel and the witness than a proper question. The objections were properly sustained. It does not appear from any of the questions to which objections were sustained that any or either of these questions, or the answers thereto, could have shed any light on the inquiries sought to be made. No attempt is made in this court to point out where any injury was done by the ruling on any questions on cross-examination. Plaintiffs in error do not show wherein they were prejudiced by the restrictions of which complaint is made. A review of the cross-examination of these wit-

nesses fails to disclose any basis for such contention. Many of the questions to which objections were sustained were objectionable in form and and it is not pointed out wherein the answers to any of the questions were material or vital to the rights of plaintiffs in error. The cross-examination of a witness should be kept within fair and reasonable limits, and the extent to which it may go is largely within the discretion of the trial court. (*People* v. *Buskievich, supra; People* v. *Andrews,* 327 Ill. 162; *People* v. *Harris,* 263 id. 406; *People* v. *Strauch,* 247 id. 220.) No abuse of that discretion appears in this case.

The final contention of plaintiffs in error is that there were errors in giving and refusing instructions. The first instruction objected to is No. 4, given on behalf of the People. The specific objection to this instruction is that it is in conflict with instruction No. 1, given on the part of the People. It is argued that by instruction No. 1 the court defined an accomplice and told the jury that the testimony of an accomplice was liable to grave suspicion and should be acted upon with great caution. It is said that this renders instructions Nos. 1 and 4 in direct conflict; that by instruction No. 1 the court did express an opinion as to the weight to be given to the testimony of an accomplice, while by instruction No. 4 the jury was told that anything the court had said or done should not be understood as an expression of an opinion by the court as to the facts in the case, or the weight to be given to the testimony of any witness. This objection is highly technical. There is no conflict between instructions Nos. 1 and 4. The objections to these instructions are without merit.

The next instruction complained of is No. 6. This instruction defined a conspiracy as a combination of two or more persons to accomplish some criminal or unlawful purpose, or some lawful purpose by unlawful means. The objection is to the last clause of the instruction which is as follows: "Or some purpose not in itself criminal or

unlawful by criminal or unlawful means." It is argued that this language made the instruction misleading, because there was no purpose, not in itself criminal, involved in the case. In other words, counsel insists that in defining a criminal conspiracy the jury should have been told, only, that it was a combination of two or more persons to accomplish some criminal or unlawful purpose. Had such an instruction been given it would only be a partial and incomplete definition of a criminal conspiracy, which would have been subject to serious objection. Just how this language in the instruction, to which objection is now made, could have prejudiced the defendants or influenced the jury merely because there was no act, not in itself criminal, involved in the case, does not appear. The objection is without merit.

Instruction No. 7, given on behalf of the People, told the jury that if the conspiracy charged in the indictment had been proved beyond a reasonable doubt, then the act of any one of the conspirators, in the furtherance of the common design, if proved, would be regarded as the act of all. In the argument, in order to sustain the objection made to this instruction, plaintiffs in error add the words "of the defendants," thereby making the instruction read that if the conspiracy was proved then the act of one of the conspirators would be regarded as the act of all of the defendants. We must consider the instruction as it was given by the court, and not as it is enlarged in the argument in order to make it subject to the objection urged. It is obvious that the addition of the words "of the defendants" by counsel, to the instruction, entirely changes its meaning. The instruction, as given, is not susceptible to the construction placed on it by plaintiffs in error. The word "all" clearly refers back to the word "conspirators" as used in the instruction, as its next preceding antecedent, and not to all the defendants, as argued and supplied by counsel. It was a correct statement of the law and could

not have been understood by the jury to make any defendant liable for the acts of members of the conspiracy unless such defendant was proved to be a member thereof, engaged in carrying out the common design. It is further contended that by the court's refusal to give instruction No. 42, offered on behalf of the defendants, and by giving said instruction No. 7, offered on behalf of the People, the jury was told that the acts of Hanson, Bruno and Ahrens were the acts of plaintiffs in error. This contention has already been disposed of.

Instruction No. 42, offered by the defendants and refused by the court, told the jury that a person cannot be put into a crime by the acts and conduct of other persons alone. That instruction was an abstract statement which had no application to any fact, or testimony, in this case.

The objection of counsel to the refusal of the court to give instructions Nos. 43, 44 and 46 is that these were the only instructions offered relating to the defense of entrapment. No. 43 told the jury that if the agents of the express company acted in such manner as to induce an innocent person to commit a crime, or if the jury had a reasonable doubt on this subject, the defense of entrapment was available. Refused instruction No. 44 was, in substance, that acts, otherwise criminal, done at the instigation and by the encouragement of a detective do not constitute a crime. Instruction No. 46 told the jury that if a person was wholly induced to commit a crime by one acting as an agent of, and in concert with, the person against whom the crime is to be perpetrated, he cannot be held accountable, because such action on the part of the agent and owner is an entrapment of the perpetrator. We agree with the Appellate Court as to this objection, that it is sufficient to state that these instructions did not apply to any theory of defense of plaintiffs in error. These instructions related solely to the defense of entrapment, advanced by the defendants Sexton and Keller. The instructions had no application

to plaintiffs in error upon the record, since both of them denied they knew anything about the counterfeit checks and denied that they had any knowledge of the conspiracy or participated in it. The plaintiffs in error did not at any time contend that they were entrapped into the conspiracy or the commission of the crime. They at all times denied that they had any knowledge of, or connection with, the conspiracy or participated therein. Not only did these instructions not apply to any theory of the defense offered by plaintiffs in error, but they were directly contradictory to the defense made by them.

Refused instruction No. 45 is as follows: "If you acquit Sexton and Keller because of a reasonable doubt as to their criminal intent, you can not regard them as principals to Moran, Parker and Hicketts, and the last named should also be acquitted as to the acts and deeds of Sexton and Keller. In other words, you can not have in law an innocent principal with a guilty accessory."

There are two sufficient answers to the objections made to this instruction. If the instruction be read as it is written it could only apply to the defendant Hicketts, who was acquitted. It tells the jury that in the situation stated in the instruction they should acquit "the last named," which is Hicketts. If so construed, it had no application to plaintiffs in error and they are in no position to object to it. If that language be interpreted as telling the jury that in the situation stated in the instruction they should acquit Moran, Parker and Hicketts, then it is erroneous and for that reason was properly refused. All of the defendants were named in the indictment as principals. Those who were tried were tried as principals. The charges in the indictment were joint against all of the defendants named therein. The charges against Sexton and Keller were the same as the charges against Moran, Parker and Hicketts, and all other defendants named in the indictment. No one of them was charged or tried as an accessory. They

were all principals named in the indictment and tried as such.

From the most careful examination of the record in this case, we are satisfied that the verdict of the jury is supported by competent and credible evidence and that no errors of law have intervened which resulted in prejudice to plaintiffs in error or either of them.

For these reasons, the judgment of the Appellate Court for the First District, affirming the judgment of the criminal court of Cook county, is affirmed.

*Judgment affirmed.*