### UNITED STATES ex rel. PARKER v. CAREY, Sheriff of Cook County.

### No. 8241.

Circuit Court of Appeals, Seventh Circuit.

April 23, 1943.

Rehearing Denied May 10, 1943.

Wm. Scott Stewart, of Chicago, Ill., for appellant.

Thomas J. Courtney and James V. Cunningham, both of Chicago, Ill. (Edward E. Wilson and George McMahon, Asst. State's Attys., both of Chicago, Ill., of counsel), for appellee.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The petitioner-appellant was convicted of a felony on April 22, 1939 in the United States District Court for the Northern District of Illinois. He was denied bail, and the United States Marshal took him into custody and placed him in the Cook County, Illinois, Jail to await transfer to the Federal Penitentiary. While the petitioner was in jail, the Marshal permitted him to be taken into the Criminal Court of Cook County to be tried on an indictment pending there. The Marshal accompanied him into the State Court while the trial continued, and kept him confined to the Cook County Jail during the progress of the trial.

On May 11, 1939 a judgment of conviction was rendered against him in the State Court. On the same date a stay of mittimus was entered until July 11, 1939. The petitioner, who was under bond in the State Court, was surrendered by his bondsmen on May 25, 1939. On the same day the Marshal took him to the United States Penitentiary at Leavenworth, to which he had been sentenced to serve for two years. The State Court had sentenced him to a year in jail. The petitioner served over a year in the Federal Penitentiary. When he came out, the State authorities arrested him and lodged him in jail under the judgment of conviction of May 11, 1939.

The petitioner claimed that since the judgment of the State Court did not provide that his sentence should run consecutively to the Federal sentence, it therefore ran concurrently, and that he served both sentences while in the Federal Penitentiary.

The judgment of conviction in the State Court was appealed to the Appellate and the Supreme Courts of Illinois, both of which affirmed. People v. Parker, 310 Ill. App. 307, 34 N.E.2d 110; People v. Moran, 378 Ill. 461, 38 N.E.2d 760. The Supreme Court of the United States denied certiorari. Parker v. Illinois, 316 U.S. 665, 62 S. Ct. 945, 86 L.Ed. 1741. The legality of the judgment of conviction in the State Court is not challenged.

In order to test the proposition of whether his sentence in the State Court ran concurrently with his sentence in the Federal Court and whether he had therefore served the sentence imposed by the State Court, the petitioner filed a petition for habeas corpus in the State Court against the respondent, who was the Sheriff of Cook County, Illinois, and had him in custody. The lower court denied his contention, and dismissed the petition, and the Supreme Court of Illinois affirmed the lower court. The Supreme Court of the United States denied certiorari. Thereupon, the petitioner filed a petition for habeas corpus in the District Court of the United States for the Northern District of Illinois. The District Court, upon an agreed statement of facts and without opinion, refused to discharge him, and remanded him to the Sheriff.

The petitioner appeals, and contends here, as he did in the State Court, that his sentences ran concurrently, that he has served his time under the State judgment, and that he is unlawfully detained by the Sheriff in violation of his rights under the Fourteenth Amendment.

■■ As we said before, this question had been presented to the courts of the State of Illinois, and they had decided against the petitioner. The Supreme Court of the United States has the power to review such judgments of the highest court of the State of Illinois, and declined to do so. The District Court has no power to review on writ of error or certiorari the judgments of the courts of Illinois, and we have no greater jurisdiction than the District Court. The District Court does have the power to grant habeas corpus directed to a State court to determine whether or not one held under its authority is held in violation of his rights under the

Federal Constitution, 28 U.S.C.A. §§ 453, 454.

Whether the District Court shall issue this writ is within its discretion. To ask a Federal court to grant the writ of habeas corpus under the circumstances of this case would be indelicate, to say the least. The courts of Illinois have decided that the petitioner is not unlawfully detained. The Supreme Court of the United States has declined to review. We are now asked on a petition for habeas corpus to overrule the Supreme Court of Illinois, and to assume to review on this narrower ground of jurisdiction a judgment which the Supreme Court of the United States has refused to review on a broader ground of jurisdiction. To do so might lead to an unseemly conflict. Surely, the petitioner has not the right to litigate twice to the Supreme Court of the United States the legality of his detention, by employing the process of two different courts. The proper attitude of the United States courts in a situation of this kind is set forth by the Supreme Court in Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 460, 51 L.Ed. 760, as follows:

"It is the settled doctrine of this court that, although the circuit courts of the United States, and the several justices and judges thereof, have authority, under existing statutes, to discharge, upon habeas corpus, one held in custody by state authority in violation of the Constitution or of any treaty or law of the United States, the court, justice, or judge has a discretion as to the time and mode in which the power so conferred shall be exerted; and that, in view of the relations existing, under our system of government, between the judicial tribunals of the Union and of the several states, a Federal court or a Federal judge will not ordinarily interfere by habeas corpus with the regular course of procedure under state authority, but will leave the applicant for the writ of habeas corpus to exhaust the remedies afforded by the state for determining whether he is illegally restrained of his liberty. After the highest court of the state, competent under the state law to dispose of the matter, has finally acted, the case can be brought to this court for re-examination."

This Court has adhered to the doctrine of the above case in Novotny v. Ragen, 7 Cir., 88 F.2d 72, and United States v. Ragen, 7 Cir., 102 F.2d 184. See also Hawk v. Olson, 8 Cir., 130 F.2d 910.

The District Court did not abuse its discretion in refusing the writ in this case, and the judgment is

Affirmed.