205 U.S. 179 (1907)
URQUHART, SHERIFF,
v.
BROWN.
No. 226.
Supreme Court of United States.
Argued March 7, 1907.
Decided March 18, 1907.
APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WASHINGTON.
*181 Mr. E.C. Macdonald, with whom Mr. John D. Atkinson, Attorney General of the State of Washington, Mr. A.J. Falknor and Mr. J.R. Buxton were on the brief, for appellant.
No counsel appeared for appellee.
MR. JUSTICE HARLAN, after making the foregoing statement, delivered the opinion of the court.
It is the settled doctrine of this court that although the Circuit Courts of the United States, and the several justices and judges thereof, have authority, under existing statutes, to discharge, upon habeas corpus, one held in custody by state authority in violation of the Constitution or of any treaty or law of the United States, the court, justice or judge has a discretion as to the time and mode in which the power so conferred shall be exerted; and that in view of the relations existing, under our system of government, between the judicial tribunals of the Union and of the several States, a Federal court or a Federal judge will not ordinarily interfere by habeas corpus with the regular course of procedure under state authority, but will leave the applicant for the writ of habeas corpus to exhaust the remedies afforded by the State for determining whether he is illegally restrained of his liberty. After the highest court of the State, competent under the state law *182 to dispose of the matter, has finally acted, the case can be brought to this court for reexamination. The exceptional cases in which a Federal court or judge may sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State are those of great urgency that require to be promptly disposed of, such, for instance, as cases "involving the authority and operations of the General Government, or the obligations of this country to, or its relations with, foreign nations." The present case is not within any of the exceptions recognized in our former decisions. If the applicant felt that the decision, upon habeas corpus, in the Supreme Court of the State was in violation of his rights under the Constitution or laws of the United States, he could have brought the case by writ of error directly from that court to this court.[1] In Reid v. Jones, 187 U.S. 153, it was said that one convicted for an alleged violation of the criminal statutes of a State, and who contended that he was held in violation of the Constitution of the United States, "must ordinarily first take his case to the highest court of the State, in which the judgment could be reviewed, and thence bring it, if unsuccessful there, to this court by writ of error; that only in certain exceptional cases, of which the present is not one, will a Circuit Court of the United States, or this court upon appeal from a Circuit Court, intervene by writ of habeas corpus in advance of the final action by the highest court of the State." So, in the recent case of Drury v. Lewis, 200 U.S. 1, it was said that in cases of the custody by state authorities of one charged with crime the settled and proper procedure was for a Circuit Court of the United States not to interfere by habeas corpus, "unless in cases of peculiar urgency, and that instead of discharging *183 they will leave the prisoner to be dealt with by the courts of the State; that after a final determination of the case by the state court, the Federal courts will even then generally leave the petitioner to his remedy by writ of error from this court. The reason for this course is apparent. It is an exceedingly delicate jurisdiction given to the Federal courts by which a person under an indictment in a state court and subject to its laws may, by the decision of a single judge of the Federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the State and finally discharged therefrom."
Without now expressing any opinion as to the constitutionality of the statute in question, or as to the mode in which it was administered in the state court, for the reasons stated the judgment of the Circuit Court must be reversed, with directions to set aside the order discharging the appellee, and to enter an order denying the application for a writ of habeas corpus, leaving the appellee in the custody of the State, with liberty to apply for a writ of error to review the above judgment of the Supreme Court of Washington.
It is so ordered.
NOTES
[1] Ex parte Royall, 117 U.S. 241, 251; Ex parte Fonda, 117 U.S. 516; New York v. Eno, 155 U.S. 89; In re Wood, 140 U.S. 278; In re Frederich, 149 U.S. 70; Pepke v. Cronan, 155 U.S. 100; In re Chapman, 156 U.S. 211; Whitten v. Tomlinson, 160 U.S. 231; Baker v. Grice, 169 U.S. 284; Tinsley v. Anderson, 171 U.S. 101, 104; Markuson v. Boucher, 175 U.S. 184; Minnesota v. Brundage, 180 U.S. 499; Riggins v. United States, 199 U.S. 547; In re Lincoln, 202 U.S. 178.