### Ex parte MELENDEZ.

Circuit Court of Appeals, Ninth Circuit.
Aug. 27, 1938.

George Melendez, in pro. per.

WILBUR, Senior Circuit Judge.

This is an application for leave to appeal from an order denying writ of habeas corpus and for a certificate of probable cause essential thereto in the case of a conviction under a state law.

Petitioner claims that the provisions of law (§ 1168 of the Penal Code of California, as amended in 1931, St.1931, p. 1053) are invalid as to him because ex post facto.

The crime of which he was convicted was committed September 18, 1928. The conviction was January 7, 1929, and the sentence the same date. He was delivered to the warden of the penitentiary on January 12, 1929. On May 12, 1932 the State Board of Prison Directors fixed his sentence at 12 years, the sentence of the Court having been for the term provided by law. On September 13, 1935 the order fixing the term of petitioner at 12 years was revoked and his credits for good conduct were declared forfeited and the term fixed for 25 years. This latter order was avowedly under authority of the amendments of § 1168 of the California Penal Code passed in 1931 after the petitioner's offense was committed.

The petitioner contends that this latter order, although authorized by the terms of § 1168 of the Penal Code of California, was invalid because the provisions there-

of which authorized the modification of a sentence which had once been fixed by the State Board of Prison Directors was, as to him, ex post facto and therefore invalid. Petitioner also contends that the order fixing his term at 12 years was invalid because at that time the provisions of § 1168 which authorized the sentence had been repealed by the amendment thereto in 1931.

It will be observed that if the order of the court sentencing the petitioner to the period prescribed by law, which in his case would be for life imprisonment (In re Lee, 177 Cal. 690, 171 P. 958), is in effect the petitioner has not yet served his sentence; that whether the sentence of the State Board of Prison Directors for 12 years was under the terms of § 1168 as they stood at the time the petitioner committed the offense for which he was convicted or under the provisions of the law as amended in 1931, the sentence is valid unless the effect of the statute of 1931 amending the law repealed the provisions authorizing the 12-year sentence. This sentence, if valid, has not yet expired, and the petitioner is not entitled to his release until that time. The application, insofar as intended to test the validity of the 25-year sentence under the new law, is premature.

The petitioner alleges that he has presented his application for writ of habeas corpus to the Superior Court of the county in which he is confined, to the District Court of Appeal for that district, and to the Supreme Court of the State of California, and that in each instance his application has been denied without an opinion; that he made a similar application to the United States District Court of the District in which he is confined and that his application was denied without an opinion.

The application for a certificate of probable cause raises the question of whether or not there is probable cause to believe that the decision of the District Court would be reversed on appeal. The question of whether or not a writ of habeas corpus shall be issued by a federal court to release a prisoner held under a commitment from a state court, is one of discretion. That discretion should be exercised in the light of the principles announced by the Supreme Court in Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L. Ed. 760, wherein it is held that the appropriate way to raise questions involving the validity of a commitment under a state law is by application to the state courts and to seek a review of the decision of the highest court in the state by writ of error directed to that court by the Supreme Court of the United States. The cases of emergency in which it is proper for a United States District Court to issue a writ of habeas corpus to release a prisoner held under state authority is stated by the Supreme Court in that case. The instant case does not come within the rule there stated. It may be assumed that the court did not state every possible case of emergency which would justify the action of the lower federal court in such a case, but there is nothing in the nature of an emergency in the present application which would justify the reversal of the action of the state court by a lower federal court.

I cannot certify that there is probable cause that the lower court will be reversed where it is clear that in the exercise of sound discretion the application would be denied.

Furthermore, the alleged ex post facto character of the law authorizing the setting aside of the sentence once made by the prison authorities, and the substitution of a new and extended term, is the only question in the case to which the Federal Constitution is applicable. The question of whether the statute of 1928 was repealed by subsequent state legislation is primarily a question of state law, although affected, in a measure, as I have indicated, by the fact that under both the state and federal Constitutions, Const.Cal. art. 1, § 16; U.S. C.A.Const. art. 1, § 10, cl. 1, an ex post facto law is invalid and that this question would be involved in determining whether or not the amendatory law was intended to repeal the existing statutes so far as concerns those whose offenses had been committed before the amendment.

It should be added that the petitioner complains that during the pendency of his application for habeas corpus in the United States District Court, the time expired for securing a writ of error directed to the Supreme Court of California in the matter of his application for habeas corpus. This factor, however, does not increase the power of the lower federal courts to act in the matter.

Application for certificate of probable cause is denied.