## PALMER v. McCAULEY, Warden.
### No. 9018.

Circuit Court of Appeals, Ninth Circuit.
April 18, 1939.

Rehearing Denied May 8, 1939.

J. R. Palmer, Walla Walla, Washington, in pro. per.

G. W. Hamilton, Atty. Gen., and W. A. Toner, Asst. Atty. Gen., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Petitioner was convicted of the crime of grand larceny in the Superior Court of Spokane, Washington, and was sentenced to a term in the penitentiary. Thereafter petitioner applied to the Supreme Court of the State of Washington for a writ of habeas corpus, claiming (1) that the Superior Court of Spokane County had no jurisdiction to re-sentence[1] him, there being no statute of the State of Washington providing for such procedure; and (2) that petitioner was deprived of counsel at the hearing upon the re-sentencing, and that he did not waive the same. The petition was denied and the decision was not appealed to the United States Supreme Court.

Thereafter the petitioner filed with the United States District Court for the Eastern District of Washington his petition for a writ of habeas corpus upon the grounds stated in his petition to the State Supreme Court. The petition was denied and this is an appeal from the order of denial.

We need not go into the merits of the controversy for it is well settled that whether or not a federal court will issue a writ of habeas corpus to release a prisoner held under a commitment from a state court is one of discretion. Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868; Ex parte Fonda, 117 U.S. 516, 6 S.Ct. 848, 29 L.Ed. 994; Wood v. Brush, 140 U.S. 278, 11 S.Ct. 738, 35 L.Ed. 505. That discretion should be exercised in the light of the principles announced by the Supreme Court in Urquhart v. Brown,

---

[1] The prisoner had been re-sentenced by the Superior Court, under orders of the Supreme Court of Washington.

205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760, wherein it is held that the appropriate way to raise questions involving the validity of a commitment under a state law is by application to the state courts, and if denied by appeal to the Supreme Court of the United States. Ex parte Mclendez, 9 Cir., 1938, 98 F.2d 791; Ex parte Penney, 9 Cir., 103 F.2d 27, March 24, 1939. There are no exceptional circumstances involved in the instant case which would justify the interposition of the District Court.

Affirmed.