The application to the Senior Circuit Judge for a writ of habeas corpus is denied. See United States ex rel. Bernstein v. Hill, 3 Cir., 71 F.2d 159.

### Ex parte JEFFERSON.

Circuit Court of Appeals, Ninth Circuit.

Aug. 24, 1939.

### O'BRIEN v. SWOPE, Warden.

Circuit Court of Appeals, Ninth Circuit.

Aug. 29, 1939.

472

Thomas Jefferson, in pro. per.

WILBUR, Circuit Judge.

The petitioner, Thomas Jefferson, now incarcerated in the Washington State Prison at Walla Walla, Washington, petitions for a writ of habeas corpus and for leave to proceed on the application in forma pauperis. The application is entitled in the Circuit Court of the United States in and for the Ninth Circuit. It is addressed "To the Honorable Senior Judge of the above titled Court," and prays that a writ of habeas corpus be granted directed to the Superintendent of the Washington State Prison commanding him "to produce the person of the Petitioner before the District Court of the United States, Eastern District of Washington, Southern Division, presided over by any judge other than the Hon. Stanley Webster, at a time and a place to be specified therein, there to do and receive what shall then be said concerning the said Thomas Jefferson, together with the time and the cause of his detention, and said writ, and that the said Thomas Jefferson be granted his release, in conformity with law and justice." Immediately under the title of the petition is the statement, "Application to the above titled court, under the authority of Sec. 463, Title 28, Par. A. U.S.C." This section and subsection provide in part, "A circuit judge shall have the same power to grant writs of habeas corpus within his circuit that a district judge has within his district." 28 U.S.C.A. § 463(a). In view of the fact that the Circuit Court of Appeals has no authority to grant a writ of habeas corpus except in aid of its appellate jurisdiction and that no such limitation is imposed upon a circuit judge (De Maurez v. Swope, 9 Cir., 100 F.2d 530), I assume that a fair construction of the petition is that it is addressed to the Senior Circuit Judge and not the Court.

The petitioner alleges that he is imprisoned in pursuance of a judgment and sentence of a Superior Court of the State of Washington for an alleged violation of the laws of the state. He alleges that he was deprived of his right to appeal to the state Supreme Court because of the conduct of the officers of the state; that he has applied to the courts of the State of Washington for a writ of habeas corpus and that application was denied by the Supreme Court of the state. Subsequently, he applied to the United States District Court for the Eastern District of Washington and that application was denied. Assuming that the appellant has exhausted his remedies in the state courts, as he alleges, it does not follow that a United States District Judge or a United States Circuit Judge should entertain a petition for a writ of habeas corpus. The application should be made to the Supreme Court of the United States unless there are exceptional circumstances which justify or require the issuance of a writ by the lower federal court judges. Ex parte Penney, 9 Cir., 103 F.2d 27; Ex parte Melendez, 9 Cir., 98 F.2d 791.

Petition denied.