**KRAMER v. STATE OF NEVADA.**

No. 9767.

Circuit Court of Appeals, Ninth Circuit.

Sept. 9, 1941.

Rehearing Denied Oct. 24, 1941.

Grant L. Bowen, Oliver C. Custer, and John E. Robinson, all of Reno, Nev., for appellant.

Gray Mashburn, Atty. Gen., State of Nevada, W. T. Mathews and Alan Bible, Deputy Attys. Gen., and John W. Bonner, Dist. Atty., of Ely, Nev., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

This appeal is taken from an order of the court below denying the petition of John A. Kramer for a writ of habeas corpus. Kramer alleged in his petition for the writ that he was in custody as a prisoner in the State Prison of Nevada under sentence of death imposed by the courts of that State and that such imprisonment was illegal, void and without due process of law, in violation of Section 1 of the Fourteenth Amendment to the Constitution of the United States. In support of this allegation he further alleged that he had been charged with the crime of murder by the State of Nevada; that an attorney was appointed for his defense; that said attorney was negligent in the conduct of such defense; that the trial court misled and confused the jury in giving contradictory instructions relative to the form of verdict the jury should return; that as a result of this, the jury returned a verdict finding defendant Kramer guilty.

The appellant contends the District Court of the United States erred in denying his petition for writ of habeas corpus because:

(1) Counsel assigned appellant by the State trial court was negligent and careless in the conduct of the defense, so as to deprive the defendant of his right to counsel;

(2) The State trial judge gave confusing, conflicting and inconsistent instructions, so as to prevent the jury finding their intended verdict; and

(3) The right to fix the penalty rested with the jury and not the judge of the trial court.

The District Courts of the United States are empowered to issue writs of habeas corpus, 28 U.S.C.A. § 451, and the writ extends to a prisoner in jail, in custody in violation of the Constitution of the United States. 28 U.S.C.A. § 453. It is provided by the statute, 28 U.S.C.A. § 454, that the application for the writ shall be "by complaint in writing, signed by the person for, whose relief it is intended, setting forth the facts concerning the detention of the party restrained, in whose custody he is detained, and by virtue of what claim or authority, if known." The statute further provides, 28 U.S.C.A. § 454, that "The facts set forth in the complaint shall be verified by the oath of the person making the application." The court or judge to whom the application is made is directed by the statute, 28 U.S.C.A. § 455, to "forthwith award a writ of habeas corpus, *unless it appears from the petition itself that the party is not entitled thereto."* (Emphasis supplied.)

The Supreme Court of the United States, in United States ex rel. Kennedy et al. v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L.Ed. 138 stated: "The rule has been firmly established by repeated decisions of this court that the power conferred on a federal court to issue a writ of habeas corpus to inquire into the cause of the detention of any person asserting that he is being held in custody by the authority of a state court in violation of the Constitution, laws, or treaties of the United States, is not unqualified, but is to be exerted in the exercise of a sound discretion. The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist. [Many cases cited.]"

Did the District Judge have before him such a rare and exceptional case as to justify an interference with the orderly administration of justice by a state court? Do we have before us on this appeal an abuse of sound discretion by the court below in the denial of the petition for the writ?

The statute, 28 U.S.C.A. § 455, empowers the court or judge to whom the application is made to deny the writ if "it appears from the petition itself that the party is not entitled thereto." In view of the fact that no order to show cause issued

and no formal hearing was had, but the court entered a summary order of denial of the petition, we look to the petition and the record brought before us to determine whether the court below properly exercised its statutory discretion in the disposal of the matter. The petition fails to allege, either affirmatively or otherwise, and the record fails to show that the petitioner has exhausted the remedies afforded by the laws of Nevada to persons convicted of violations of its laws for the purpose of trying the legality of their confinement. The order of denial reveals that the petitioner below had appealed his conviction to the Supreme Court of the State of Nevada, which court affirmed the judgment appealed. 60 Nev. 262, 108 P.2d 304. It does not appear in either the petition or the transcript, however, that a writ of certiorari, to the Supreme Court of the United States was sought after the Nevada Supreme Court entered its affirmance. The remedy of habeas corpus is available in Nevada (Nevada Comp.Laws, 1929, §§ 11375–11414, inclusive) and we are unable to find that Kramer made any attempt to call this writ, available to him in the State courts, to his assistance. It thus appears, from the record before us, that the appellant made no showing in his petition to the court below that he had exhausted the legal remedies provided by the State courts.

The Supreme Court of the United States advised the petitioner in Mooney v. Holohan, 294 U.S. 103, 115, 55 S.Ct. 340, 343, 79 L.Ed. 791, 98 A.L.R. 406, that: " * * * Orderly procedure, governed by principles we have repeatedly announced, requires that before this Court is asked to issue a writ of habeas corpus, in the case of a person held under a state commitment, recourse should be had to whatever judicial remedy afforded by the state may still remain open. [Cases cited.]"

See, also, United States v. House, 9 Cir., 110 F.2d 797, 799; Hall v. People of State of California, 9 Cir., 79 F.2d 132; 7 Cyc. Fed.Proc. § 3670, pp. 684, 686. It would seem to follow, therefore, that orderly procedure required the denial of the petition in this case, for the reason that it did not show that petitioner had exhausted the judicial remedies afforded by the State. Nor, in the circumstances, are we able to hold that the entry of the order below constituted an abuse of discretion by the trial judge. Palmer v. McCauley, 9 Cir., 103 F.2d 300. Neither is this that rare case

"where exceptional circumstances of peculiar urgency are shown to exist," because the appellant has still open to him the writ of habeas corpus in the state courts.; the question relative to the form of verdict was decided by the Supreme Court of Nevada; and the question of inadequacy of counsel could also have been there urged. Cf. Novotny v. Ragen, 7 Cir., 88 F.2d 72, 74.

Moreover, in view of the delicate question of interference by inferior Federal courts with the judgment of the courts of a sovereign state of the Union which is presented by an application such as this, it appears to be the approved practice that if such an application is to be presented after exhaustion of the State judicial remedies, it should be made directly to the Supreme Court of the United States. See Mooney v. Holohan, supra; Ex parte Jefferson, 9 Cir., 106 F.2d 471, 472; Ex parte Penney, 9 Cir., 103 F.2d 27, 28.

The order of the District Court is affirmed.

On Petition for Rehearing

Rehearing denied.

STEPHENS, Circuit Judge.

I agree to the denial of the petition for rehearing specifically upon the ground that "* * * recourse should be had to whatever judicial remedy afforded by the state may still remain open." Mooney v. Holohan, 294 U.S. 103, 115, 55 S.Ct. 340, 343, 79 L.Ed. 791, 98 A.L.R. 406. Petitioner has the right, which apparently he has never exercised, to sue out the writ of habeas corpus in the Nevada State Court notwithstanding the fact that certain issues of petitioner's trial have been passed upon by the Nevada Supreme Court.