### HOGUE v. DUFFY, Warden.
### No. 9844.

Circuit Court of Appeals, Ninth Circuit.

Jan. 16, 1942.

J. Frank Hogue, in pro. per.

Earl Warren, Atty. Gen., and David K. Lener, Deputy Atty. Gen., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

The court below denied Hogue's petition for a writ of habeas corpus, and he appeals. The petition alleged that he was in the custody of Duffy, the warden of the California State Prison at San Quentin, California; that he had exhausted the legal remedies afforded by the State of California to secure his release from the penitentiary; that his imprisonment was violative of the Fifth and Fourteenth Amendments to the Constitution of the United States and, also, that he has been denied the writ of habeas corpus despite the terms of Art. I, Sec. 9, Cl. 2, of the said Constitution; that the statute under which he was convicted provided no maximum term of imprisonment, which term, in this instance, was fixed by the Board of Prison Terms and Paroles of California, in excess of its authority. The petitioner further alleged that he was indicted (in two counts) and pleaded guilty to violation of Section 288 of the Penal Code of California; that he was sentenced on May 29, 1935, to imprisonment "for the term prescribed by law," the terms of imprisonment to run concurrently; that on October 8, 1936, one year and three days after entering prison, he was questioned by the California State Board of Prison Terms and Paroles in a meeting at San Quentin and on the following day was notified, in writing, that his term was fixed at twenty years and five years. He contended that the illegality of his restraint consisted of the following:

"Expiration of lawful sentence and excess punishment in;

"1. That the sentence determined by the Board of Prison Terms and Paroles is a maximum sentence and contrary to the provisions of section 1168, Penal Code.

"2. That the sentence determined by the Board of Prison Terms and Paroles is ex post facto, it not being provided for in section 1168, Penal Code, nor the judgment and sentence of the court of trial.

"3. That the sentence determined by the Board of Prison Terms and Paroles is a lack of due process of law, is contrary to section 686, Penal Code, and Art. I, section 13, of the Constitution of California, and amendment 5, sec. 1, and amendment 14, sec. 1, to the Constitution of the United States."

The remainder of the petition was devoted to argument urging issuance of the writ of habeas corpus, and concluded with a prayer therefor.

The court below, in denying the writ, held "that even where a defendant has exhausted his state remedies, the United States District Courts will ordinarily not interfere by habeas corpus, but will leave him to take his case direct to the United States Supreme Court."

The Supreme Court of the State of California, the District Courts of Appeal and the Superior Courts of the State are empowered to issue writs of habeas corpus in the exercise of their original jurisdiction (Const. Calif., Art. VI, sec. 4, 4b, and 5; 13 Cal.Jur. § 59, p. 284), but if the writ is petitioned for and denied in the lower court, no appeal will lie (Ex parte Zany, 164 Cal. 724, 130 P. 710) and if it is desired to pursue the remedy further, a new application must be made to the higher court (Sec. 1475, Penal Code Calif.; 13 Cal.Jur. § 60, p. 285). The record here discloses that Hogue successively petitioned the Superior Court of the State of California, the District Court of Appeal, and the Supreme Court, and that each, in turn, denied his application for the writ of habeas corpus. Apparently, for it does not appear in the record, no attempt was made by Hogue to secure a review in the Supreme Court of the United States of the order of the State Supreme Court denying his application, but he made the application to the court below, out of which arises this appeal.

In the circumstances, in view of the well settled state of the law in cases such as this, where the state remedies have been exhausted by the applicant, but he has failed to seek review in the Supreme Court of the United States of the action of the highest court of the state, it would be improper for us to discuss the merits of petitioner's case.

Directly in point, and authoritative, is Palmer v. McCauley, Warden, 9 Cir., 103 F.2d 300, 301, where we said that "the appropriate way to raise questions involving the validity of a commitment under a state law is by application to the state courts, and if denied by appeal to the Supreme Court of the United States." See, also, Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L. Ed. 760, Kramer v. State of Nevada, 9 Cir., 122 F.2d 417; Ex parte Jefferson, 9 Cir., 106 F.2d 471; Ex parte Penney, 9 Cir., 103 F.2d 27; Ex parte Melendez, 9 Cir., 98 F. 2d 791.

Moreover, it is not apparent that this is one of the "rare cases where exceptional circumstances of peculiar urgency are shown to exist" (United States ex rel. Kennedy, et al. v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L.Ed. 138), which might possibly justify the issuance of the writ, and we hold there was no abuse of discretion in the denial of it.

Affirmed.