130 F.2d 910 (1942)
HAWK
v.
OLSON, Warden.
No. 12335.
Circuit Court of Appeals, Eighth Circuit.
October 19, 1942.
Henry Hawk, appellant, pro se.
Walter R. Johnson, Atty. Gen., of Nebraska, and H. Emerson Kokjer and John H. Comstock, Asst. Attys. Gen., for appellee.
Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.
SANBORN, Circuit Judge.
Henry Hawk has appealed from an order of the United States District Court for the District of Nebraska denying the issuance of a writ of habeas corpus and dismissing the petition for the writ. Hawk is an inmate of the Nebraska State Penitentiary under a life sentence for first degree murder, which sentence was imposed by the District Court of Douglas County, Nebraska, in 1936. It appears that since his incarceration in the State Penitentiary, Hawk has been a persistent and unsuccessful applicant for release on habeas corpus, this evidently being his third petition to the court below for such a writ.
In 1939, he applied to the District Court of Lancaster County, Nebraska, for habeas corpus. His petition was dismissed, and he appealed to the Supreme Court of Nebraska, which affirmed the dismissal. Hawk v. O'Grady, 137 Neb. 639, 290 N.W. 911. He petitioned the Supreme Court of the United States for certiorari, and that court denied his petition. Hawk v. O'Grady, 311 U.S. 645, 61 S.Ct. 11, 85 L.Ed. 412. In 1941, he again applied for habeas corpus to the District Court of Lancaster County, Nebraska, and that court again dismissed his petition.
The substance of Hawk's present petition is that he is imprisoned without due process of law, in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States; that in the proceedings leading up to his conviction and sentence he was denied rights secured to him by the due process clause of the Fourteenth Amendment, in that the trial court was without jurisdiction to try him because he was, at the time, serving a sentence of four years in the United *911 States Penitentiary at Leavenworth, and was in court in the custody of guards from that institution; that his trial was a mere sham and pretense; that he was denied the right to have counsel and to have compulsory process for the production of witnesses; that he was refused a continuance of the trial in order to prepare his defense, and was hurried to conviction; that the testimony of the State which led to his conviction was manufactured and false, to the knowledge of the trial judge and the prosecuting officers; that the court had no power to pronounce the sentence which was imposed upon him; that he was deprived of his right of appeal; and that, at the termination of the four-year federal sentence, he was feloniously kidnapped by State officers of Nebraska and placed in the State Penitentiary. Hawk attached to his petition for habeas corpus copies of the records and proceedings leading up to his conviction and sentence, including transcripts of the evidence taken at his preliminary hearing and upon his trial.
Upon the filing of Hawk's petition, the court below directed the appellee to show cause why the writ should not be issued and to disclose the authority under which the petitioner was held in custody. The appellee filed a response objecting to the issuance of the writ prayed for, and asserting that Hawk was in custody by virtue of a judgment of conviction entered by the District Court of Douglas County, Nebraska, which court, at the time of the entry of the judgment, had jurisdiction of his person and of the subject matter of his case; that he was duly tried, that the jury returned a verdict of guilty of murder in the first degree and fixed the penalty at life imprisonment, that sentence was duly imposed, and that the judgment has become final.
The court below concluded, in effect, that Hawk's petition, including the exhibits which were expressly made a part of it, failed to disclose that he was confined in violation of any right secured to him by the Constitution of the United States, and denied him a writ of habeas corpus and dismissed his petition. The court certified that there existed probable cause for an appeal. 28 U.S.C.A. § 466.
We find it unnecessary to consider whether the appellant's petition sufficiently disclosed a denial of his constitutional rights in the proceedings leading to his conviction and imprisonment, since we think that the court below could not have issued the writ in any event.
It conclusively appears from Hawk's petition that he is confined by the State of Nebraska in the State Penitentiary for a violation of the laws of the State and under a judgment entered and a commitment issued by a court of the State. This is not one of those "rare cases where exceptional circumstances of peculiar urgency are shown to exist," in which a federal court may, in the exercise of a sound discretion, issue a writ of habeas corpus on the application of one in the custody of a state, and thus interfere with the orderly administration by the state of its criminal laws.
In United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L.Ed. 138, the Supreme Court of the United States said: "The rule has been firmly established by repeated decisions of this court that the power conferred on a federal court to issue a writ of habeas corpus to inquire into the cause of the detention of any person asserting that he is being held in custody by the authority of a state court in violation of the Constitution, laws, or treaties of the United States, is not unqualified, but is to be exerted in the exercise of a sound discretion. The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist. Ex parte Royall, 117 U.S. 241, 250-253, 6 S.Ct. 734, 29 L.Ed. 868; In re Wood, 140 U.S. 278, 289, 11 S.Ct. 738, 35 L.Ed. 505; In re Frederich, 149 U.S. 70, 77, 78, 13 S.Ct. 793, 37 L.Ed. 653; [People of State of] New York v. Eno, 155 U.S. 89, 98, 15 S.Ct. 30, 39 L.Ed. 80; Whitten v. Tomlinson, 160 U.S. 231, 240-242, 16 S.Ct. 297, 40 L.Ed. 406; Baker v. Grice, 169 U.S. 284, 290, 18 S.Ct. 323, 42 L.Ed. 748; Tinsley v. Anderson, 171 U.S. 101, 104, 105, 18 S.Ct. 805, 43 L.Ed. 91; Davis v. Burke, 179 U.S. 399, 401-403, 21 S.Ct. 210, 45 L.Ed. 249; Riggins v. United States, 199 U.S. 547, 549, 26 S.Ct. 147, 50 L.Ed. 303; Drury v. Lewis, 200 U.S. 1, 6, 26 S.Ct. 229, 50 L.Ed. 343; Glasgow v. Moyer, 225 U.S. 420, 428, 32 S.Ct. 753, 56 L.Ed. 1147; Johnson v. Hoy, 227 U.S. 245, 247, 33 S.Ct. 240, 57 L.Ed. 497."[1]
*912 Moreover, it does not appear that Hawk has, as yet, exhausted the judicial remedies afforded by the State.
In Mooney v. Holohan, 294 U.S. 103, 115, 55 S.Ct. 340, 343, 79 L.Ed. 791, 98 A.L.R. 406, the Supreme Court said: "We do not find that petitioner has applied to the state court for a writ of habeas corpus upon the grounds stated in his petition here. That corrective judicial process has not been invoked, and it is not shown to be unavailable. Despite the many proceedings taken on behalf of the petitioner, an application for the prerogative writ now asserted to be peculiarly suited to the circumstances disclosed by his petition has not been made to the state court. Orderly procedure, governed by principles we have repeatedly announced, requires that before this Court is asked to issue a writ of habeas corpus, in the case of a person held under a state commitment, recourse should be had to whatever judicial remedy afforded by the state may still remain open. Davis v. Burke, 179 U.S. 399, 402, 21 S.Ct. 210, 45 L.Ed. 249; Urquhart v. Brown, 205 U.S. 179, 181, 182, 27 S.Ct. 459, 51 L.Ed. 760; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S. Ct. 1, 70 L.Ed. 138. See, also, People of State of New York ex rel. Bryant v. Zimmerman, 278 U.S. 63, 70, 49 S.Ct. 61, 73 L.Ed. 184, 62 A.L.R. 785."[2]
We can not say that Hawk has applied to the state courts of Nebraska for a writ of habeas corpus upon the grounds stated in his present petition. We have no reason to believe that he is now precluded from applying to such courts for a writ upon those grounds. Compare, Smith v. O'Grady, 312 U.S. 329, 331, 332, 61 S.Ct. 572, 85 L.Ed. 859. When he has exhausted the judicial remedies afforded by the State and has secured a decision from its highest court, his sole recourse will be to invoke the authority of the Supreme Court of the United States "to protect * * * against any adverse decision involving a denial of a federal right properly asserted * * *." United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L.Ed. 138.[3]
*913 It is our understanding that the course to be followed by a United States District Court or by a federal judge, in dealing with an application for habeas corpus filed by a person asserting that he is being held in state custody under the judgment of a state court, in violation of the Constitution, laws or treaties of the United States, is first to determine whether there is presented one of those "rare cases where exceptional circumstances of peculiar urgency are shown to exist." If it is one of those rare cases in which federal judicial intervention is justified to protect a federal right, the court or judge will proceed to hear and determine the case as required by law. If it is not a rare and exceptional case, a United States District Court or a federal judge will deny the writ and dismiss the application, whether the applicant has or has not exhausted his state remedies. The exhaustion of state judicial remedies in a case which is not exceptional will not justify the issuance of a writ by a United States District Court or by a federal judge. This is because the necessary forbearance which the courts of a state and the courts of the United States exercise toward each other in the interest of harmony and to avoid conflicts (Frank v. Mangum, 237 U.S. 309, 329, 35 S.Ct. 582, 59 L.Ed. 969) will not sanction what would amount to a review by a District Court of the United States or by a single federal judge of a decision of the highest court of a state holding that the applicant is lawfully held in custody by the state authorities. The remedy of an applicant in an unexceptional case, such as that now before us, when he has exhausted his state judicial remedies, is to apply to the Supreme Court of the United States for certiorari to the highest court of the state or for a writ of habeas corpus after having obtained from the Supreme Court of the United States leave to file such an application. See Ex parte Botwinski, 314 U.S. 586, 62 S.Ct. 476, 86 L.Ed. ___. It may not be inappropriate to call attention to the fact that the United States Circuit Courts of Appeals are not authorized to grant writs of habeas corpus except in aid of their existing appellate jurisdiction. Whitney v. Dick, 202 U.S. 132, 135-137, 26 S.Ct. 584, 50 L.Ed. 963; Ex parte Jefferson, 9 Cir., 106 F.2d 471, 472; De Maurez v. Swope, 9 Cir., 100 F. 2d 530; De Maurez v. Swope, 9 Cir., 110 F.2d 564, 565; In re Miller, 9 Cir., 126 F.2d 826, certiorari denied Miller v. Duffy, 316 U.S. 677, 62 S.Ct. 1107, 86 L.Ed. ___.
The order appealed from is affirmed.
NOTES
[1] See and compare, also: Markuson v. Boucher, 175 U.S. 184, 186, 20 S.Ct. 76, 44 L.Ed. 124; State of Minnesota v. Brundage, 180 U.S. 499, 501-503, 21 S.Ct. 455, 45 L.Ed. 639; Rogers v. Peck, 199 U.S. 425, 434, 26 S.Ct. 87, 50 L.Ed. 256; Urquhart v. Brown, 205 U.S. 179, 182, 27 S.Ct. 459, 51 L.Ed. 760; Frank v. Mangum, 237 U.S. 309, 328-329, 35 S.Ct. 582, 59 L.Ed. 969; Ashe v. United States ex rel. Valotta, 270 U.S. 424, 426, 46 S.Ct. 333, 70 L.Ed. 662; United States ex rel. Weisman v. Brown, 8 Cir., 281 F. 657, 661; Ketcham v. State of Iowa, 8 Cir., 41 F.2d 38, 39, 40; Reed v. Madden, 8 Cir., 87 F.2d 846, 852; Palmer v. McCauley, 9 Cir., 103 F.2d 300, 301; United States ex rel. Murphy v. Murphy, 2 Cir., 108 F.2d 861, certiorari denied, Murphy v. Warden of Clinton State Prison, 309 U.S. 661, 60 S.Ct. 583, 84 L.Ed. 1009; In re Anderson, 9 Cir., 117 F.2d 939; Id., 9 Cir., 118 F.2d 750; Gebhart v. Amrine, 10 Cir., 117 F.2d 995; Achtien v. Dowd, 7 Cir., 117 F. 2d 989, 994, 995; Davis v. Dowd, 7 Cir., 119 F.2d 338; Kramer v. State of Nevada, 9 Cir., 122 F.2d 417; Hogue v. Duffy, 9 Cir., 124 F.2d 864, 865, certiorari denied, 316 U.S. 675, 62 S.Ct. 1044, 86 L.Ed. ___; In re Miller, 9 Cir., 126 F.2d 826, certiorari denied Miller v. Duffy, 316 U.S. 677, 62 S.Ct. 1107, 86 L.Ed. ___; Jones v. Dowd, 7 Cir., 128 F.2d 331, 333; Wheeler v. Kaiser, D.C., 45 F.Supp. 937, 939.
[2] See and compare: Markuson v. Boucher, 175 U.S. 184, 186, 20 S.Ct. 76, 44 L.Ed. 124; Ex parte Botwinski, 314 U.S. 586, 62 S.Ct. 476, 86 L.Ed. ___; Ex parte Melendez, 9 Cir., 98 F.2d 791; Ex parte Penney, 9 Cir., 103 F.2d 27; Palmer v. McCauley, 9 Cir., 103 F.2d 300, 301; Groseclose v. Plummer, 9 Cir., 106 F.2d 311, certiorari denied 308 U.S. 614, 60 S.Ct. 264, 84 L.Ed. 513; Ex parte Jefferson, 9 Cir., 106 F.2d 471; Frach v. Mass, 9 Cir., 106 F.2d 820; Achtien v. Dowd, 7 Cir., 117 F.2d 989, 995; Davis v. Dowd, 7 Cir., 119 F.2d 338; Sharpe v. Buchanan, 6 Cir., 121 F.2d 448; Kramer v. State of Nevada, 9 Cir., 122 F.2d 417; Stonefield v. Buchanan, 6 Cir., 124 F.2d 23; Hogue v. Duffy, 9 Cir., 124 F.2d 864, 865, certiorari denied 316 U.S. 675, 62 S.Ct. 1044, 86 L.Ed. ___; In re Miller, 9 Cir., 126 F. 2d 826, certiorari denied Miller v. Duffy, 316 U.S. 677, 62 S.Ct. 1107, 86 L. Ed. ___; Jones v. Dowd, 7 Cir., 128 F. 2d 331, 333, 334.
[3] See, also: Markuson v. Boucher, 175 U.S. 184, 185, 186, 20 S.Ct. 76, 44 L.Ed. 124; Reid v. Jones, 187 U.S. 153, 154, 23 S.Ct. 89, 47 L.Ed. 116; United States ex rel. Drury v. Lewis, 200 U.S. 1, 6, 7, 26 S.Ct. 229, 50 L.Ed. 343; Urquhart v. Brown, 205 U.S. 179, 181, 182, 27 S. Ct. 459, 51 L.Ed. 760; Ex parte Melendez, 9 Cir., 98 F.2d 791, 792; Ex parte Penney, 9 Cir., 103 F.2d 27; Palmer v. McCauley, 9 Cir., 103 F.2d 300; Ex parte Jefferson, 9 Cir., 106 F.2d 471, 472; Groseclose v. Plummer, 9 Cir., 106 F.2d 311, 312; Achtien v. Dowd, 7 Cir., 117 F.2d 989, 995; In re Anderson, 9 Cir., 118 F.2d 750; Kramer v. State of Nevada, 9 Cir., 122 F.2d 417, 418; Hogue v. Duffy, 9 Cir., 124 F.2d 864, 865, certiorari denied 316 U.S. 675, 62 S.Ct. 1044, 86 L.Ed. ___; In re Miller, 9 Cir., 126 F.2d 826, certiorari denied Miller v. Duffy, 316 U.S. 677, 62 S.Ct. 1107, 86 L. Ed. ___.