### FRANCK v. KAISER.

District Court, W. D. Missouri, C. D.
Jan. 9, 1943.

James H. Keet, Jr., of Springfield, Mo., for petitioner.

Roy McKittrick, Atty. Gen., and Ernest Hubbel, Asst. Atty. Gen., both of Jefferson City, Mo., for respondent.

COLLET, District Judge.

Petitioner prays for the issuance of a writ of habeas corpus. Stated in general terms, the ground upon which the application is based is that petitioner was duly convicted, sentenced and incarcerated in the Missouri Penitentiary in 1935. He was discharged in January, 1941, from the Penitentiary on a conditional commutation issued by the Missouri State Board of Pardons and Paroles. On September 18, 1942, the Board of Pardons and Paroles revoked the conditional commutation or parole and ordered him committed to the prison. Petitioner was arrested and is now incarcerated in the Missouri State Penitentiary. It is asserted that his present confinement operates as a denial to him of the equal protection of the law guaranteed by the Federal Constitution, Amend. 14, in that the revocation of the parole was made without a hearing, without the petitioner being allowed to consult counsel or be represented, without any definite charge being made the basis of the revocation and that the action of the Board was "arbitrary, capricious and discriminatory", lacking in reason and inconsistent with the public policy of the State of Missouri, which requires the freedom of its citizens unless due cause for imprisonment exists. It is further alleged that the present incarceration of petitioner impairs the obligation of a contract. The theory of this allegation is that upon parole or conditional release by the Board of Pardons and Paroles a contract is, in effect, consummated between the parolee and the state to the effect that so long as the parolee shall well behave and violate none of the terms or conditions of the parole that he shall remain at liberty. The contention is that the Board violated this contract because petitioner has not breached the contract.

It is readily apparent from the brief foregoing statement of the situation presented by the facts stated in the petition that the assumption of jurisdiction by this Court in this cause would result in an inquiry into and the passing of judgment upon the propriety of the action of an Administrative Board created and functioning under the laws of the State of Missouri. The Governor of the State serves as a member of that Board. His executive action in carrying out the conclusions reached by the Board would be the subject of scrutiny and approval or disapproval by this Court in the event the writ was issued as prayed. The petition does not disclose whether previous applications have been made to the State Courts for the relief now sought. Only the allegation appears that no application for the relief sought has been made to or refused by any Court superior to this Court. But even in the event that allegation be construed to mean that an application has been made to the State Courts and denied, the result would be the same for the reasons to be noted.

For reasons so clearly stated by Judge Sanborn in the recent case of Hawk v. Olson, 8 Cir., 130 F.2d 910, the Federal Courts should not and must not interfere with the orderly operation of State Courts or Administrative Boards, except in very unusual, extraordinary and exceptional cases. Only in such cases may the action of a State Court or Tribunal be reviewed and then only in the event that the remedies open to an applicant in the State Courts shall have been exhausted.

It clearly appearing from the facts stated in the application or petition for the writ that this case is not an unusual or exceptional one, but, on the other hand, is one which presents for determination broad questions of the powers and duties of the Board of Pardons and Paroles under the state laws, those questions should first be determined by the highest Court of the State and reviewed by the Supreme Court before the inferior Federal Courts should assume to determine questions of this character.

For the reasons stated, the application for the writ and the application to sue in forma pauperis must be denied.