## MASON v. WEBB.
### No. 10431.

Circuit Court of Appeals, Ninth Circuit.

April 14, 1944.

On Motion to Vacate Decree May 8, 1944.

Ben F. Mason, of Walla Walla, Wash., in pro. per.

Smith Troy, Atty. Gen., R. Max Etter, Simon Wampold, Jr., and George Downer, Asst. Attys. Gen., for appellee.

Cameron Sherwood, of Walla Walla, Wash., amicus curiae.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

Only such of the facts as relate to the question of jurisdiction will be stated.

On June 12, 1939, the appellant was committed to the state penitentiary at Walla Walla, Washington, by the Superior Court of King County, at Seattle. In his brief before this Court, the appellant states that the commitment was "for the alleged crime of 'receiving stolen property' * * * upon a so-called 'plea of guilty,' obtained by coercion, trick and deception." The record before us, however, shows that the information specifically charged the appellant with the crime of grand larceny, but set forth particulars relative to receiving stolen property. The sentence of the court imposed a "term of not less than to be set by the Parole Board and not more than fifteen years."

On October 10, 1941, the appellant attempted to prosecute a writ of error coram nobis in the Superior Court of King County, but on November 12, 1941, the trial judge denied the petition on the ground that "the facts alleged * * * were known to the defendant prior to his entry of a plea of guilty."

On January 29, 1942, the appellant filed in the Supreme Court of the State of Washington an application for a writ of habeas corpus, "in which he alleged that he was being illegally deprived of his liberty under a judgment of a court and a sentence of an administrative board, rendered in violation of procedural guaranties protected against state invasion through the Fourteenth Amendment to the Constitution of the United States." The appellant's brief contains the following further allegations: "Since the Washington court had heretofore ruled resort must be had first to the superior court in habeas corpus matters before that court would exercise its discretionary power in such proceedings, the petitioner moved that the writ be made returnable to the King County Superior Court, where the matter could be determined. * * * Accordingly a show cause order was made returnable on February 27, 1942, before the King County Court. On March 6, 1942, a demurrer was sustained in that court, and subsequently an amended petition was mailed to the clerk of the [State] Supreme Court, in which it was asserted that since the petitioner alleged that his imprisonment was illegal under the Federal Constitution, and since the Supreme Court of the United States had held that a state prisoner could have his asserted Federally protected rights determined in habeas corpus, it was his right to have a 'judicial inquiry' into the very truth and substance of the cause of his detention. * * * The appellant was advised by the clerk of the Washington court that he had been directed by the Chief Justice to inform the petitioner that no further action would be taken in the case."

The appellee concedes that "although it does not clearly appear in the record that the Supreme Court of the State of Washington has entered its final Order denying the appellant's Petition, it seems obvious that the Court's direction to the appellant that it would not issue any further Show Cause Order on his Amended Petition is a final order of refusal of that Court to en-

586

tertain any further Petitions of the appellant."

Be that as it may, for the purposes of this decision we are assuming that the appellant has exhausted all his remedies in the state courts.

On June 1, 1942, the appellant instituted habeas corpus proceedings in the court below, "on the grounds that the Washington courts had failed to observe that fundamental fairness essential to the very concept of justice," etc. He once again invoked the Fourteenth Amendment.

The District Court denied the petition and the present appeal ensued.

At the request of this Court, the appellee submitted a memorandum of authorities on the question of whether or not it was proper for the appellant to have filed his application for a writ of habeas corpus in the United States District Court, instead of appealing directly to the Supreme Court of the United States. In a motion for the appointment of an amicus curiae to present a memorandum on this point, the appellant complained that "the question of jurisdiction of this Honorable Court in the instant matter is an afterthought of the learned [State] Assistant Attorney General, as that official has heretofore had ample opportunity before the present time to raise that question in this appeal, but neglected to do so." In a brief replying to the appellee's memorandum of authorities, filed some days later, however, the appellant conceded that "on the return to the show cause order, July 27, 1942, the assistant attorney general of Washington raised the question of jurisdiction of the Federal court, the same as he is now doing in the present Court."

■ In any event, a question such as this, which involves the delicate relationship between the state courts and the Federal courts, may be raised at any time. Indeed, the point could have been considered by this Court of its own accord.

In the celebrated case of Frank v. Mangum, 237 U.S. 309, 328, 329, 35 S.Ct. 582, 587, 59 L.Ed. 969, involving the sensational murder of an Atlanta factory girl three decades ago, the Supreme Court said: "It is, indeed, settled by repeated decisions of this court that where it is made to appear to a court of the United States that an applicant for habeas corpus is in the custody of a state officer in the ordinary course of a criminal prosecution, under a law of the

state not in itself repugnant to the Federal Constitution, the writ, in the absence of very special circumstances, ought not to be issued until the state prosecution has reached its conclusion, *and not even then until the Federal questions arising upon the record have been brought before this court upon writ* of error. [Many cases cited.]" [Emphasis added.] See also Whitten v. Tomlinson, 160 U.S. 231, 242, 16 S.Ct. 297, 40 L.Ed. 406; Baker v. Grice, 169 U.S. 284, 290, 291, 18 S.Ct. 323, 42 L. Ed. 748; Tinsley v. Anderson, 171 U.S. 101, 104, 105, 18 S.Ct. 805, 43 L.Ed. 91; Markuson v. Boucher, 175 U.S. 184, 186, 20 S.Ct. 76, 44 L.Ed. 124; Drury v. Lewis, 200 U.S. 1, 6, 7, 26 S.Ct. 229, 50 L.Ed. 343.

■ This Court has repeatedly held that in a case of this kind, the prisoner should take an appeal directly to the Supreme Court of the United States, instead of invoking the jurisdiction of a lower Federal court. In Ex parte Melendez, 9 Cir., 98 F.2d 791, 792, we said: "* * * The question of whether or not a writ of habeas corpus shall be issued by a federal court to release a prisoner held under a commitment from a state court, is one of discretion. That discretion should be exercised in the light of the principles announced by the Supreme Court in Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760, wherein it is held that the appropriate way to raise questions involving the validity of a commitment under a state law is by application to the state courts and to seek a review of the decision of the highest court in the state by writ of error directed to that court by the Supreme Court of the United States." See also Ex parte Hammond, 9 Cir., 98 F.2d 794; Ex parte Penney, 9 Cir., 103 F.2d 27, 28; Palmer v. McCauley, 9 Cir., 103 F.2d 300, 301; Groseclose v. Plummer, 9 Cir., 106 F.2d 311, 312, certiorari denied 308 U.S. 614, 60 S.Ct. 264, 84 L.Ed. 513; Ex parte Jefferson, 9 Cir., 106 F.2d 471, 472; Frach v. Mass, 9 Cir., 106 F.2d 820, 821; In re Anderson, 9 Cir., 117 F.2d 939, 940; Id., 9 Cir., 118 F.2d 750, 751; Kramer v. State of Nevada, 9 Cir., 122 F.2d 417, 419; Hogue v. Duffy, Warden, 9 Cir., 124 F.2d 864, 865, certiorari denied 316 U.S. 675, 62 S.Ct. 1044, 86 L.Ed. 1749; In re Miller, 9 Cir., 126 F.2d 826, 827, certiorari denied Miller v. Duffy, 316 U.S. 677, 62 S.Ct. 1107, 86 L.Ed. 1751, rehearing denied 316 U.S. 713, 62 S.Ct. 1307, 86 L.Ed. 1778.

The same doctrine has been laid down in other Circuits. In the well-considered case of Hawk v. Olson, Warden, 8 Cir., 130 F.2d 910, 912, 913, certiorari denied 317 U.S. 697, 63 S.Ct. 435, 87 L.Ed. 557, we find the following full discussion of the rule:

"* * * When he [the prisoner] has exhausted the judicial remedies afforded by the State and has secured a decision from its highest court, his sole recourse will be to invoke the authority of the Supreme Court of the United States 'to protect * * * against any adverse decision involving a denial of a federal right properly asserted * * *.' United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L.Ed. 138. [Many cases cited]

"It is our understanding that the course to be followed by a United States District Court or by a federal judge, in dealing with an application for habeas corpus filed by a person asserting that he is being held in state custody under the judgment of a state court, in violation of the Constitution, laws or treaties of the United States, is first to determine whether there is presented one of those 'rare cases where exceptional circumstances of peculiar urgency are shown to exist.' If it is one of those rare cases in which federal judicial intervention is justified to protect a federal right, the court or judge will proceed to hear and determine the case as required by law. If it is not a rare and exceptional case, a United States District Court or a federal judge will deny the writ and dismiss the application, whether the applicant has or has not exhausted his state remedies. The exhaustion of state judicial remedies in a case which is not exceptional will not justify the issuance of a writ by a United States District Court or by a federal judge. This is because the necessary forbearance which the courts of a state and the courts of the United States exercise toward each other in the interest of harmony and to avoid conflicts [case cited] will not sanction what would amount to a review by a District Court of the United States or by a single federal judge of a decision of the highest court of a state holding that the applicant is lawfully held in custody by the state authorities. The remedy of an applicant in an unexceptional case, such as that now before us, when he has exhausted his state judicial remedies, is to apply to the Supreme Court of the United States for certiorari to the highest court of the state or for a writ of habeas corpus after hav-

ing obtained from the Supreme Court of the United States leave to file such an application. [Case cited.]"

See also Gebhart v. Amrine, Warden, 10 Cir., 117 F.2d 995, 996.

In support of his position with respect to the question of jurisdiction, appellant relies on the case of Ex parte Hawk, 318 U.S. 746, 63 S.Ct. 979, 87 L.Ed. 1123, but overlooks the fact that the per curiam opinion of the Supreme Court in that case 64 S.Ct. 448, 450, points out: "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts *and in this Court by appeal or writ of certiorari,* have been exhausted. [Citing cases.] And *where those remedies have been exhausted* this Court will not ordinarily entertain an application for the writ before it has been sought and denied in a district court or denied by a circuit or district judge." [Emphasis supplied.]

In the case at bar there is no showing that the appellant exhausted "all appellate remedies," even assuming, arguendo, that he did exhaust his remedies in the trial court.

After a hearing on the merits, the court below denied the application for a writ of habeas corpus. The record clearly shows that the case was not of the "special" or "exceptional" character that would justify a United States District Court in entertaining jurisdiction.

The denial of the application for a writ of habeas corpus is affirmed.

## On Motion to Vacate Order of Affirmance.

### PER CURIAM.

In our opinion filed April 14, 1944, we pointed out that the petitioner for habeas corpus in the United States District Court, who was confined in a state penitentiary for a state offense, had not exhausted his appellate remedies in the state courts before applying to the federal courts. The District Court denied the application for the writ and we affirmed.

Petitioner now presents a motion for our order vacating our order of affirmance upon the ground that he desires to proceed further in the state courts. He cites Sharpe v.

588

Buchanan, Warden, 317 U.S. 238, 63 S.Ct. 245, 87 L.Ed. 238, for authority.

The situation here is different from that of the cited case in that the obstacle to the federal courts proceeding with the matter has not as yet been removed whereas it had been removed in the cited case at the time the Supreme Court took its action.

If petitioner is successful in the state court, he will have no need to come here again; if he is not, he will go further as he is advised to do.

Motion denied.