Matter of Clifford Coleman WOODS for a Certificate of Probable Cause.

Misc. No. 697.

United States Court of Appeals
Ninth Circuit.

Nov. 15, 1957.

Clifford C. Woods, in pro. per.

No appearance for respondent.

Before STEPHENS, Chief Judge, and CHAMBERS and BARNES, Circuit Judges.

PER CURIAM.

This is a request for leave to file and apply for a certificate of probable cause in forma pauperis and on a typewritten petition. That request is granted. 28 U.S.C.A. § 1915.

This is also an application for certificate of probable cause essential to an appeal from an order of the District Court denying a writ of habeas corpus. The conviction is one under state law. 28 U.S.C.A. § 2253.

Appellant is held under process of the state court for the crimes of illegally possessing narcotics (§ 11500 of the Health and Safety Code of the State of California) and three prior felony convictions, two of them involving narcotics; one of possession; and one of smuggling. He was also charged on a second count with bringing narcotics into jail. California Penal Code, § 4573. This second count was dismissed by the trial court. A new trial after conviction on Count I was denied. On appeal, this conviction was affirmed. People v. Woods, 139 Cal.App.2d 515, 293 P.2d 901. A petition for rehearing was denied by that court. A petition for rehearing in the Supreme Court of California was denied. A petition for certiorari to the Supreme Court of the United States was denied on February 25, 1957, (Woods v. People, 352 U.S. 1006, 77 S.Ct. 566, 1 L.Ed.2d 550) *but only after the record of the state court proceedings had been presented to the Supreme Court.*

Petitioner filed a petition for writ of habeas corpus with the presiding judge of the United States District Court for the Northern District of California, Southern Division. This was transferred to Judge Halbert of the Northern Division of the Northern District of California. Upon examination of that petition, Judge Halbert issued an order to show cause; the State of California filed a return to the order to show cause, and a motion to dismiss, and in answer thereto the petitioner herein filed his traverse.

In a carefully reasoned opinion, District Judge Halbert disposed of each of petitioner's five points, ably raised by him in the proceedings, and granted the respondent's motion to dismiss.

Petitioner then sought to appeal in forma pauperis and applied for a certificate of probable cause. This was denied by Judge Halbert based upon his conclusion that the appeal was not taken in good faith. Tate v. People of State of Cal., 9 Cir., 187 F.2d 98; Higgins v. Steele, 8 Cir., 195 F.2d 366.

This Court has previously said that leave to appeal from the decision of the lower court in cases where applicants are held under state process can only be granted if accompanied by a certificate of probable cause. Ex parte Deatherage, 9 Cir., 98 F.2d 793. Such a certificate will rarely be issued where it is sought to review a decision of the lower federal court refusing to interfere with the custody of petitioner held under process of the state court, and even more rarely will it be issued where the state court's determination and the record in support thereof has already been subjected to the scrutiny of the Supreme Court of the United States.

■ The action of the District Court rests upon "an exceedingly delicate jurisdiction," exercised in the light of principles announced by the Supreme Court, Urquhart v. Brown, 205 U.S. 179, 27 S. Ct. 459, 51 L.Ed. 760; Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed. 2d 593; Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed. 1529, and is peculiarly a matter of the sound discretion of the lower court.

The application here for a certificate of probable cause raises but a single question: whether or not there exists probable cause to believe that the decision of the District Court in refusing to issue the writ of habeas corpus would be reversed on appeal.

It should be noted that petitioner has well and ably made known to the lower court, and to this Court, the basis of his claim, in his petition and in the documents filed with his petition as Exhibits A, B, C, D, E, and F. His petition is a far cry from the "crude application" referred to by Judge Frank in his dissent in United States v. Johnson, 2 Cir., 238 F.2d 565, the forerunner of the Supreme Court's opinion in United States v. Johnson, supra.

■ We have carefully examined (1) the application for a certificate of probable cause; (2) the petition filed herein for a writ of habeas corpus (Pet. Ex. A); (3) the return on the Order to Show Cause (Pet. Ex. B); (4) petitioner's traverse to the return (Pet. Ex. C); (5) the order denying the writ of habeas corpus (Pet. Ex. D); (6) the application for a certificate of probable cause filed below (Pet. Ex. E); (7) the order denying the certificate for probable cause (Pet. Ex. F); (8) the decision of the District Court of Appeal of the State of California, which decision both the California and the United States Supreme Courts declined to review or modify. We see no need, under the circumstances of this case, to have the entire record before us.

■ We approve of the action of the District Judge in denying the certificate of probable cause. No showing has been made which would justify our setting aside such denial.

The application for a certificate of probable cause is denied.