United States Court of Appeals,

Eleventh Circuit.

No. 95-6329.

Willie CLISBY, Jr., Petitioner-Appellant,

v.

STATE OF ALABAMA, Alabama Department of Corrections, W.E. Johnson, Fred Smith, Respondents-Appellees.

April 27, 1995.

Appeal from the United States District Court for the Northern District of Alabama. (No. 85-PT-1251-S), Robert B. Propst, Judge.

Before KRAVITCH, EDMONDSON and COX, Circuit Judges.

BY THE COURT:

This appeal is from the denial of habeas corpus relief to an Alabama prisoner facing execution tonight at midnight. This petition for habeas relief is not his first. We have expedited the appeal, had briefing from the parties, and heard oral argument. The briefing and argument addressed the merits as well as petitioner's motion for a stay of execution and respondents' motion to vacate the district court's certificate of probable cause.[1]

The district court's certificate of probable cause was limited to one issue, although petitioner asserted several issues

---

[1] About the Motion to Vacate the District Court's Certificate of Probable cause, we admit that we have doubts about whether the district court properly applied the correct legal standard when it granted CPC. When a district court expressly applies the wrong standard in granting CPC, the circuit court may quash the CPC and decline to decide the appeal. *Kramer v. Kemna,* 21 F.3d 305, 307 (8th Cir.1994). We leave open the possibility of quashing district court CPCs in other circumstances that suggest that the CPC was granted as a result of a legal error. But, we are aware that our own rule, 11th Cir.R. 22-3(a)(7), favors a disposition on the merits when a CPC has been issued by the district court; and in this case, we will accept and decide the appeal. The Motion to Vacate CPC is DENIED.

in district court.  We declined to broaden the certificate.[2]  So, only one question is presented in the appeal:  whether petitioner (especially considering doctrines such as abuse of the writ and procedural bar) is entitled to an evidentiary hearing on his claim that electrocution as administered in Alabama violates the Eighth Amendment to the United States Constitution.

Although the district court granted a certificate of probable cause on this question, that court answered the question "no" and held no evidentiary hearing.  The district court's opinion sets out more than one reason for denying an evidentiary hearing.  For the purposes of this appeal, however, it is enough for us to conclude, as we do conclude, that the district court did not err in deciding as a matter of law that petitioner had abused the writ and that relief is barred.  As was explained in the district court's opinion, the claim that electrocution as administered in Alabama violates the Eighth Amendment was available—factually and legally—when petitioner filed his first habeas petition.[3]

---

[2]We did not have the whole record before us at the time.  We saw no need, under the circumstances, for a complete record before acting on petitioner's Application for a Certificate of Probable Cause to this court.  *See generally, In re Woods,* 249 F.2d 614 (9th Cir.1957) (entire record not required).

[3]Clisby's first habeas petition was filed on May 24, 1985, and was amended on July 1, 1985.  Clisby raised—and then abandoned—the following ground for relief in his first petition:

> VI. Electrocution as administered in Alabama is an unnecessarily cruel means of execution, constituting wanton torture in excess of the means necessary to extinguish human life, and is [not] justified as a means for achieving any legitimate governmental end, and thus is violative of the Eighth Amendment to the Constitution.  (In support of this claim, Petitioner offers the newspaper clipping attached hereto as Exhibit "B".)  [Appendix N—Volume 3]

Petitioner has shown no cause for failing to assert and to litigate the claim in his first petition;  and for courts to decline to adjudicate the claim in this second petition is *not* manifestly unjust.

The denial of the Petition for Writ of Habeas Corpus is AFFIRMED.

Because the rights of the parties in the appeal have now been decided, the Motion for Stay of Execution is DENIED.