[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11836
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-22809-UU

JOSE M. CANDELARIO,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 14, 2014)

Before MARTIN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Jose Manuel Candelario, a federal prisoner proceeding pro se, appeals the

dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus.  Candelario

filed a 28 U.S.C. § 2255 motion to vacate in 2002, which was denied as untimely. On appeal, he argues that because he is actually innocent, his § 2241 petition should be heard in light of McQuiggin v. Perkins, 569 U.S. ___, 133 S. Ct. 1924 (2013).[1]

Typically, challenges to the validity of a federal sentence are made via § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Section 2255's "savings clause" permits a petition under § 2241—which is "generally reserved for challenges to execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement," Bryant v. Warden, 738 F.3d 1253, 1288 (11th Cir. 2013)—if a petitioner establishes that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e); see also Sawyer, 326 F.3d at 1365. The savings clause is a jurisdictional provision, Williams v. Warden, 713 F.3d 1332, 1338 (11th Cir. 2013); a petitioner bears the burden of showing that § 2255 is inadequate or ineffective before the district court can review his § 2241 petition, Turner v. Warden, 709 F.3d 1328, 1333 (11th Cir. 2013). The restrictions imposed by

---

[1] Candelario first argues that his petition is not successive because his initial § 2255 motion was denied as untimely rather than on the merits. But a second petition is successive if the first was denied or dismissed with prejudice, Guenther v. Holt, 173 F.3d 1328, 1329 (11th Cir. 1999) (discussing § 2254), and a dismissal for untimeliness is with prejudice, see Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (same). Accord Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) ("[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.").

2

§ 2255(h) on filing second or successive motions do not render it inadequate or ineffective for purposes of the savings clause. Bryant, 738 F.3d at 1267. We review de novo whether a prisoner may bring a § 2241 petition under the savings clause. Williams, 713 F.3d at 1337.

Candelario bases his claim on McQuiggin. There, the Supreme Court held that actual innocence can serve as a gateway through which a prisoner may bring his first post-conviction challenge despite the expiration of the relevant statute of limitations. 569 U.S. at ___, 133 S. Ct. at 1928, 1934–36. That holding was based on an equitable exception to the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act. Id.; see Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (per curiam). The McQuiggin Court emphasized that its holding concerned an initial habeas petition brought by a state prisoner; it did not discuss successive petitions by federal prisoners. See 569 U.S. at ___, 133 S. Ct. at 1933–34 (differentiating initial habeas petitions from second or successive petitions).

Candelario attacks the validity of his sentence, not the manner of his confinement or execution of his sentence: he asserts that he is innocent of his crimes and that he received ineffective assistance of counsel. For that reason, he may bring a § 2241 petition only via the savings clause. See Bryant, 738 F.3d at 1288; Sawyer, 326 F.3d at 1365. But he has not satisfied the requirements of the

3

savings clause.  He purports to rely on <u>McQuiggin</u>, but even assuming <u>McQuiggin</u> is retroactively applicable and applies to federal prisoners, his reliance is misplaced.  <u>McQuiggin</u>'s holding was limited to <u>initial</u> petitions for habeas corpus. <u>See</u> <u>McQuiggin</u>, 569 U.S. at ___, 133 S. Ct. at 1933–34.  It created an exception to the limitations period; it said nothing about whether a petitioner may bring a second or successive petition under the savings clause.  <u>Id.</u> at ___, 133 S. Ct. at 1934–36.  Candelario has not met the requirements of the savings clause, so the district court properly dismissed his § 2241 petition as second or successive.

**AFFIRMED.**