[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10691
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-10115-JLK


ENIEL PLANAS,

                                                              Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA STATE ATTORNEY GENERAL,

                                                              Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 13, 2016)


Before WILLIAM PRYOR, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Eniel Planas, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. No reversible error has been shown; we affirm.

In his section 2254 petition, Planas raises several claims of ineffective assistance of counsel. Construed liberally, Planas contends, in pertinent part, that his appellate counsel rendered ineffective assistance by failing to argue on direct appeal that Planas's convictions -- for both lewd and lascivious battery and for lewd and lascivious molestation -- violated the Double Jeopardy Clause.

The district court denied Planas's claim as procedurally barred: Planas had failed to raise the claim in his state post-conviction proceedings. We granted a certificate of appealability on two issues:

(1)    Whether the district court erred in its procedural ruling by determining that Planas's sub-claim of ineffective assistance of appellate counsel in Claim 4 was procedurally defaulted, without examining the claim under Martinez v. Ryan, 569 U.S. __, 132 S. Ct. 1309 (2012); and

(2)    Whether appellate counsel was constitutionally ineffective for failing to raise on appeal that Planas's conviction for both lewd and lascivious battery, and lewd and lascivious molestation, violated the Double

2

Jeopardy Clause because there was no spatial or temporal break in the alleged criminal conduct.[*]

We review de novo a district court's determination that a habeas claim is procedurally defaulted.  Brownlee v. Haley, 306 F.3d 1043, 1058 (11th Cir. 2002).

"A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."  Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999).  Planas concedes that he failed to raise properly this ineffective assistance claim in state post-conviction proceedings. He contends that his lack of post-conviction counsel constituted cause and prejudice  under Martinez -- sufficient to excuse the default.

Generally speaking, because a prisoner has no constitutional right to counsel in state post-conviction proceedings, a petitioner cannot rely on the ineffective assistance of post-conviction counsel (or the lack of counsel) to establish "cause" sufficient to excuse a procedural default.  See Coleman v. Thompson, 111 S. Ct. 2546, 2568 (1991).  In Martinez, the Supreme Court recognized a "narrow" and "limited" equitable exception to the general rule established in Coleman.  132 S. Ct. at 1315, 1319-20.  In Martinez, the Court decided that a prisoner may

---

[*] To the extent Planas attempts to raise other ineffective assistance of counsel claims in his appellate brief, these claims are outside the scope of this appeal.  See 28 U.S.C. § 2253(c)(3) (limiting appellate review to the issues specified in the certificate of appealability).

overcome a procedural default of an ineffective-assistance-of-trial-counsel claim when (1) the state requires such claims be raised only in a collateral proceeding; (2) the state either appoints no counsel for the initial-review collateral proceeding, or appointed counsel is constitutionally ineffective; and (3) the underlying ineffective-assistance-of-trial-counsel claim has some merit. Id. at 1318. In the different context of another case, we have said that "[b]y its own emphatic terms, the Supreme Court's decision in Martinez is limited to claims of ineffective assistance of trial counsel that are otherwise procedurally barred due to the ineffective assistance of post-conviction counsel." Gore v. Crews, 720 F.3d 811, 816 (11th Cir. 2013) (emphasis added). The district court might well have been correct to deny Planas's ineffective-assistance-of-counsel claim as procedurally defaulted, given that the pertinent claim was not about trial counsel. But that precise point is immaterial to our decision.

Today, we affirm the district court's decision because the claim has no merit: an insubstantial claim. Planas has totally failed to demonstrate that his appellate counsel rendered constitutionally ineffective assistance. The record demonstrates that, although the jury found Planas guilty of both the battery and molestation offenses, the trial court granted Planas's motion to vacate -- on double jeopardy grounds --Planas's conviction for lewd and lascivious battery. As a result, Planas was in fact convicted and sentenced only of a single count of lewd and lascivious

4

molestation, in violation of Fla. Sta. § 800.04(5)(a).  Thus, Planas cannot show either that his appellate counsel was deficient in failing to raise the double jeopardy issue on direct appeal or that Planas suffered prejudice as a result.  See Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984).

AFFIRMED.